[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S CONTEMPT CITATION DATED MARCH 2, 1998
The Plaintiff and the Defendant were divorced, one from the other on November 7, 1991 by the Court, Mihalakos, J.. Certain orders were entered by the Court on that date as to alimony payments to be made by the Plaintiff to the Defendant.
In pertinent part the order as to alimony was as follows, "Beginning May 16, 1991 the sum of $200.00 per week."
Automatic decrease as follows, "A decrease to $175.00 per week on August 1, 1995".
The Plaintiff subsequently moved to modify the judgment by motion, dated March 17, 1995, and the Court conducted a hearing on November 6, 1996 and November 7, 1996 incident thereto and CT Page 6528 issued a Memorandum of Decision on November 26, 1996 modifying the alimony to $75.00 weekly and directing that the life insurance should be reinstated and the premiums paid.
In its November 26, 1996 memorandum, the Court made no findings as to any arrearages due inasmuch as no data, testimony or figures were provided to the Court.
The Court on May 15, 1998 heard the parties on the present citation.
The Court after hearing finds an arrearage due from the Plaintiff to the Defendant as follows:
For the period January 6, 1995 to August 1, 1995 at $200.00 weekly, $4,600.00.
For the period August 1, 1995 to August 1, 1996 at $175.00 weekly, $9,100.00.
For the period August 1, 1996 to November 27, 1996 at $175.00 weekly, $2,975.00.
For the period November 28, 1996 to January 15, 1997 at $75.00 weekly, $525.00.
For the period January 15, 1997 to May 15, 1998 at $75.00 weekly, $3,450.00.
Total amount due, $20,650.00.
Alimony payments were current according to the testimony through January 6, 1995.
The Court finds that the requisite life insurance is now in place and current. See Plaintiff's Exhibit A.
Plaintiff shall provide a release to the Defendant or her counsel which will permit verification of the status of the insurance annually.
The order as to alimony may be payable by a QDRO upon the Plaintiff's Navy retirement.
The Court directs that the determined arrearage shall be paid CT Page 6529 at the rate of $30.00 per week, also by QDRO, upon the Plaintiff's Navy Retirement.
The Defendant made certain additional requests of the Court as follows:
A request for $500.00 as counsel fees.
The Court will allow the sum of $250.00 to be paid within 60 days.
A request for reimbursement to the Defendant for airfare from California in the amount of $514.00.
The Defendant, according to the testimony, had been in Connecticut for a number of days prior to the hearing, presumably visiting the parties' three sons. Defendant's Exhibit 1, photocopy of the airline ticket was issued April 20, 1998 on its face.
The request for reimbursement of airfare is denied.
The Defendant additionally asks for $1,050.00; $150.00 per day for the care of Defendant's elderly mother, the payments allegedly being made to a sister for the period May 11, 1998 to May 17, 1998.
This request is denied.
The Defendant requests the sum of $112.50; $12.50 per day for eight days kennel fees for the care of her dog.
The request is denied.
The Court's memorandum of November 26, 1996 speaks for itself and was to be effective that date.
It may be that in some measure the Plaintiff misinterpreted the Court's decision of November 26, 1996 as concerns the Court's comments as to the Defendant's conduct as to certain financial matters, but no claim of fraud was raised at that hearing.
While no arrearages were determined or requested at the November 26, 1996 hearing, the memorandum nevertheless could only be interpreted as requiring the reduced alimony payments to be CT Page 6530 timely paid.
The Plaintiff has offered no substantial evidence indicating that the claimed arrearage is not basically correct.
The Court has considered the Plaintiff's financial circumstances, the amount of his Navy retirement, $288.00 weekly, and the substantial liabilities shown on his financial affidavit, totaling $79,200.00.
The Court makes a finding of contempt.
Austin, J.